IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUSTAFI ALI, | : | |
| Plaintiff, | : | 1:18-cv-1068 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| C. BENNING *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

## **March 13, 2020**

## I. **BACKGROUND**

Plaintiff Mustafi Ali ("Ali"), an inmate formerly incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania commenced this action on May 22, 2018, pursuant to 42 U.S.C. § 1983, alleging that "all defendants have intentionally damaged, destroyed and/or denied him access to his personal property in violation of the Eighth and Fourteenth Amendments and Pennsylvania state tort laws." (Doc. 1-2, p.2). Named as Defendants are the following individuals: C. Benning ("Benning"); Adam Huber ("Huber"); Tonya Heist ("Heist"); Laurel Harry ("Harry"); Mr. Ritchey ("Ritchey"); and Keri Moore ("Moore").

Defendants initially filed answers to the complaint and subsequently amended the answer. (Doc. 35). The matter has proceeded through discovery. Presently pending is Defendants' motion (Doc. 58) for summary judgment and

Ali's motion (Doc. 71) requesting a scheduling order. For the reasons set forth below, the motion will be granted. The granting of summary judgment obviates the need for a scheduling order.

## II. STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United*

*Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out ... that there is an absence of evidence to support the nonmoving party's claims." *Id.* at 325.

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because

3

"a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. The adverse party must raise "more than a mere scintilla of evidence in its favor" and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). The mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary

4

judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. *Anderson*, 477 U.S. at 249–50.

### III. STATEMENT OF MATERIAL FACTS

DOC officials transferred Ali from the State Correctional Institution at Forest, Marienville, Pennsylvania, to SCI-Camp Hill on October 17, 2017, and assigned him to the Special Management Unit ("SMU"). (Doc. 59, ¶¶ 3, 6; Doc. 65, ¶¶ 3, 6). Ali requested to be present during the inventory of his property. (*Id.* at 5, 8; *Id.* at 5). Defendant Benning denied the request because of Ali's security risk status, chis is documented in DOC records. (*Id.* at 5, 8, 9; *Id.* at 5,8,9). His status as a security risk is documented in DOC records. *Id.* at 9; *Id.* at 9). Ali was "never told by C.O. Benning or any other staff that he could not be present because he was a security threat." (Doc. 65, ¶ 8). The parties dispute whether Benning's handling of Ali's property complied with DOC policy (Doc. 59, ¶10; Doc. 65, ¶ 10). Prior to his transfer to SCI-Camp Hill, Ali had no dealings with Defendant Benning. (*Id.* at 4; *Id.* at 4).

The allegations concerning Defendants Ritchey and Harry concern their decisions on Ali's grievances and their "acquiecense [sic] to their subordinates' violations and their direction to them to commit those violations." (*Id.* at 11; *Id*. at 11). The allegations concerning Defendant Huber are that he and Defendant

5

Benning "rumaged [sic] through Plaintiff's property for two weeks. They read every piece of mail; person & legal, all his legal work, pictures." (Doc. 1-2, ¶ 13).

In a section titled "New Matter" Ali argues that Defendants Ritchey, Harry and Moore have failed to follow the DOC grievance policy and advances various arguments concerning the deprivation of his bowl, legal folders, and RCA flat screen television and SCI-Camp Hill's "history" of "damaging, destroying and confiscating SMU inmates['] property." (Doc. 65, ¶¶ 17-22).

## IV. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by

a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

Importantly, individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior*." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.

### A. Defendants Ritchey, Harry, Moore and Heist

Ali seeks to impose liability on Defendants Ritchey, Moore and Harry, based on their acquiescence in their subordinates' violations. Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08. Ali fails to meet his burden. He neglects to go beyond the conclusory allegations contained in his complaint and provide evidence of personal direction or of actual knowledge in the underlying conduct of which he complains. As noted *supra*, Ali is required to advance more than a mere scintilla of evidence in his favor. This claim simply cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams*, 891 F.2d at 460.

Ali also contends that Defendants Ritchey, Harry, Moore and Heist violated his First Amendment rights in mishandling his grievances. "[A]lthough prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by [prison officials' failure] to address these grievances." *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). "Access to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under [section] 1983." *Glenn v. DelBalso*, 599 F. App'x 457,

459 (3d Cir. 2015); *Booth*, 346 F. Supp. 2d at 761 (finding that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create a liberty interest requiring procedural protections under the Fourteenth Amendment."); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (affirming that "[i]nmates do not have a constitutionally protected right to the prison grievance process.").

Moreover, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Rode*, 845 F.2d 1195, 1207 (3d Cir. 1998) (determining that, supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them." ); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed

grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation). Thus, Ali's attempt to impose liability against Defendant Ritchey, Harry, Moore and Heist based upon their participation in the grievance procedure does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (finding that involvement in post-incident grievance process not a basis for liability).

For all the reasons set forth above, Defendants Ritchey, Harry and Moore are entitled to an entry of summary judgment.

### B. Defendants Huber and Benning

The claims against Defendants Huber and Benning arise solely out of their handling of Ali's personal property. Regarding his Eighth Amendment claim based on the loss and destruction of his property, conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases ... is one of deliberate

10

indifference to inmate health or safety." Id. The loss, theft, or destruction of property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. See Young v. Edward, Civ. A. No. 17-1736, 2018 WL 4616245, at *3 (M.D. Pa. Sept. 26, 2018) ("The alleged destruction of personal property does not constitute a deprivation of the sort within the protection of the Eighth Amendment."); Payne v. Duncan, Civ. A. No. 15-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), aff'd, 692 F. App'x 680 (3d Cir. 2017).

To the extent that Ali asserts a due process claim, the United States Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, Parratt v. Taylor, 451 U.S. 527, 530, (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); id. at 530, and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984). The DOC grievance procedure provides an adequate post-deprivation remedy, see, e.g., Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000), and the existence of this post-deprivation remedy forecloses a due process claim. Even if the prison grievance procedure were constitutionally

11

inadequate, Ali could take advantage of state tort law which may serve as an adequate post-deprivation remedy. See 42 PA. CONS. STAT. ANN. § 8522(a), (b)(3).

These Defendants are entitled to an entry of summary judgment.

## V.  CONCLUSION

Based on the above, Defendants' motion (Doc. 58) for summary judgment pursuant to Federal Rule of Civil Procedure 56, will be granted.  Plaintiff's motion (Doc. 71) for a scheduling order will be denied.

An appropriate Order follows.